SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
THOMAS R. KAUFMAN, Cal. Bar No. 177936
tkaufman@sheppardmullin.com
PAUL BERKOWITZ, Cal. Bar No. 251077
pberkowitz@sheppardmullin.com
MICHAEL T. CAMPBELL, Cal. Bar No. 293376
mcampbell@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701

Attorneys for Defendant
WELLS FARGO BANK, N.A. and
WELLS FARGO & COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RAENA KRESTOVNIKOV,

Plaintiff,

v.

WELLS FARGO BANK, N.A., a national association, corporation, or other business entity; WELLS FARGO & COMPANY, a corporation; and DOES 1 through 50, inclusive.

Defendants.

Case No.

[LASC Case No. 20STCV30296]

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)**

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles, to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. Section 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. Accordingly, removal is proper based on the following grounds:

**BACKGROUND**

1. On or about August 10, 2020, Plaintiff Raena Krestovnikov ("Plaintiff") filed a Complaint against Defendants Wells Fargo and Wells Fargo & Company in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV30296 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**. As will be explained, Wells Fargo Bank, N.A. is the only proper defendant as it was Plaintiff's employer during her employment and Wells Fargo & Company is merely a bank holding company with no employees. Therefore, Defendant Wells Fargo Bank, N.A. is the only proper Defendant.

2. The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Wells Fargo Bank, N.A. Specifically, Plaintiff brings claims for (1) retaliation in violation of the Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of Labor Code Section 1102.5; (3) discrimination based upon sex and/or gender; (4) violation of the California Equal Pay Act; (5) wrongful termination in violation of public policy; (6) failure to prevent discrimination and harassment; (7) failure to pay all wages earned;

(8) waiting time penalties; (9) intentional infliction of emotional distress; and (10) negligent infliction of emotional distress.

**TIMELINESS OF REMOVAL**

3. On or about August 19, 2020, Plaintiff served Wells Fargo and Wells Fargo & Company with a Summons and copy of the Complaint. A true and correct copy of both Summons is attached hereto as **Exhibit B**.

4. On September 8, 2020, Defendants answered the Complaint in state court. A true and correct copy of the Answer is attached hereto as **Exhibit C**.

5. This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by a defendant of a copy of a paper (in this case, the Complaint) that revealed this case was properly removable. 28 U.S.C. § 1446(b).

**DIVERSITY JURISDICTION UNDER 28 U.S.C. SECTION 1332(a)**

6. **Plaintiff's Citizenship:** Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff is domiciled in California and always was domiciled in California while she worked for Wells Fargo.[1] Furthermore, Plaintiff owns property in California, has a California drivers' license, has a registered motor vehicle with California, is registered to vote in California, and pays taxes in California. Plaintiff therefore is, or was at the institution of this civil action, a citizen of California.

---

[1] Complaint ¶ 6 ("Ms. Krestovnikov is an individual who resides and who, at all relevant times during the events alleged herein, resided in Oak Park, County of Ventura, California.")

7. **Wells Fargo's Citizenship:** Wells Fargo Bank, N.A., is not a citizen of California. Plaintiff's claims arise from her employment with Wells Fargo Bank, N.A. Pursuant to 28 U.S.C. § 1348, Wells Fargo Bank, N.A., as a national banking association, is a citizen of the state where its main office is "located." Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a citizen of South Dakota. *See Rouse v. Wachovia Mortgage, FSB,* 747 F.3d 707, 711 (9th Cir. 2014) (holding that "Wells Fargo is a citizen only of South Dakota, where its main office is located"). Accordingly, Wells Fargo Bank, N.A. is only a citizen of South Dakota and not California for diversity purposes. Thus, complete diversity exists here.

8. **Wells Fargo & Company is A Sham Defendant:** Wells Fargo & Company is a bank holding company that never employed Plaintiff or any employees during the relevant time period. Plaintiff concedes this fact as she alleges in Paragraph 8 of the Complaint that Wells Fargo & Company is merely a "bank holding company." In her Complaint, Plaintiff has asserted no facts to suggest that Wells Fargo & Company employed her. Accordingly, it is readily apparent that Wells Fargo & Company is a sham defendant whose presence in this lawsuit as a defendant should be ignored. Indeed, the Ninth Circuit has made it clear that a fraudulently joined defendant does not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988)).

9. Multiple district courts have denied remand motions in cases where the plaintiff named Wells Fargo & Company as a defendant and have denied motions filed by plaintiffs seeking to Wells Fargo & Company as a defendant under a joint employer theory. *See, e.g., Vasquez v. Wells Fargo Bank, N.A.*, 77 F. Supp.3d 911, 923 (Jan. 5, 2015) (denying joinder of Wells Fargo & Company and finding insufficient allegations that Wells Fargo & Company and Wells Fargo

Bank, N.A. were joint employers under California law); *Omega v. Wells Fargo & Co.*, 2012 WL 685440 (N.D. Cal. Mar. 2, 2012) (denying leave to amend complaint to add Wells Fargo & Co. as defendant because the claims in the Complaint were not properly directed at Wells Fargo & Co. and leave was sought solely as sham device to destroy diversity); *Bird v. Wells Fargo Bank, N.A.*, 2017 WL 2797854, at *5 (E.D. Cal. June 28, 2017) (denying motion to join Wells Fargo & Co. in lawsuit); *Rodriguez v. Wells Fargo Bank, N.A.*, 2016 WL 3912539 (N.D. Cal. July 20, 2016) (" Defendants contend – and the Court agrees – that the proper Wells Fargo defendant is Wells Fargo Bank, N.A., as opposed to its parent company Wells Fargo & Co., which Plaintiff named in her state court complaint.") Therefore, Wells Fargo & Company is a sham defendant whose citizenship should be ignored for purposes of removal. The only proper defendant, Wells Fargo Bank, N.A., is completely diverse from Plaintiff.

10. **Doe Defendants:** Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristos v. Reynolds Metals Co*., 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 50, inclusive, does not deprive this Court of jurisdiction.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

11. This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. sections 1332(a).

12. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Wells Fargo is not obliged to "research, state, and prove the plaintiff's claims for

damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Further, a removing defendant need not set forth evidence establishing the amount in its notice of removal. *See Dart Cherokee*, 135 S.Ct. at 554; *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019) (holding that "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements"), *citing Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Wells Fargo can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198. In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Id*.

13. The amount in controversy for purposes of diversity jurisdiction is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). Moreover, "the amount in controversy is simply an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added). "In assessing the estimated amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *3 (C.D. Cal. Mar. 3, 2015).

14. **Alleged Lost Past and Future Earnings:** Plaintiff alleges that, as a result of Wells Fargo's conduct, she has suffered a loss of earnings and future

earning capacity.[2] At the time of Plaintiff's discharge from Wells Fargo in November 2019, Plaintiff earned a base hourly wage, plus overtime and commissions.[3] In 2019 (a partial year because of her November termination), Plaintiff earned $23,160 in regular wages, approximately $8,700 in overtime wages, and approximately $323,000 in commissions. In her Complaint, Plaintiff alleges she is owed unpaid commissions on multiple loans and transactions exceeding $15,000,000 in value.[4] Therefore, Plaintiff's alleged lost wages to date already conservatively exceed $250,000. Plaintiff makes no allegation in her Complaint that she has found other work and, in fact, alleges that Citibank refused to hire her based upon her discharge from Wells Fargo.[5] Assuming it takes approximately one year from removal by the time this matter is resolved at trial, Plaintiff's claimed lost earnings alone will be more than $250,000 (this amount does not include any potential front pay that could be awarded by the jury if Plaintiff were to prevail at trial). These figures alone exceeds $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (finding that the amount in controversy "easily exceeds" $75,000 when the plaintiff's salary was $39,000 per year and she would have continued working if she had not been terminated).

15. **Emotional Distress Damages**: In addition, Plaintiff alleges that, as a result of Wells Fargo's alleged conduct toward her, she is entitled to emotional

---

[2] *See, e.g.*, Complaint ¶ 61. Plaintiff also asserts claims for unpaid wages and waiting time penalties as well (causes of action 7 and 8), which would give rise to additional monetary damages. In addition, she alleges she was not paid out all of her PTO at the time of termination. *See* Complaint ¶ 52.

[3] Complaint ¶¶ 17-21.

[4] Complaint ¶ 50.

[5] Complaint ¶ 56.

distress damages.[6] The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Further, a defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in an employment case like this one. *See, e.g.*, *Wang v. Reese Scientific Corp.*, San Francisco Superior Court Case No. CGC-13-528233 (awarding plaintiff $166,302 for emotional distress damages on claims including discrimination and wrongful termination); *Stallworth v. City of L.A.*, Los Angeles Superior Court Case No. BC341480 (awarding $100,000 in emotional distress damages on race discrimination and retaliation claims). Thus, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here exceeds $75,000.

16. **Attorneys' Fees:** The Complaint also alleges that Plaintiff is entitled to recover attorneys' fees.[7] A prevailing party on FEHA claims may be awarded attorneys' fees. Cal. Gov't Code §12965(b). Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). Recent authority has clarified that this must include all attorney's fees ***likely to be incurred through trial of an action***. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law

---

[6] *See*, *e.g.*, Complaint ¶ 62.

[7] Prayer ¶ 5.

entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy. Therefore, the district court's conclusion that, as a matter of law, the amount in controversy included only the $150,000 in attorneys' fees incurred up to the time of removal and could not include any future fees, was incorrect."). One court in the Central District of California has opined that a reasonable rate for an attorney would be at least $300 and a reasonable number of hours would be at least 100 – 300 hours. *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *1 (C.D. Cal. Mar. 3, 2015). Those assumptions would lead to an attorney's fee award of between $30,000 and $90,000. *Id.* If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that the recovery of fees itself would exceed $75,000.

17. **Punitive Damages:** The Complaint also alleges that Plaintiff is entitled to recover punitive damages.[8] Punitive damages should be considered when determining the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). A conservative estimate for a punitive damages recovery is $50,000.

18. Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, significantly exceeds $75,000.

**VENUE**

19. Venue lies in the Central District of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2). This action originally was brought in the Superior Court of the State of California, County of Los Angeles.

---

[8] *See* Prayer ¶ 3.

## NOTICE OF REMOVAL

20. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

21. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendants or filed by Defendants are attached hereto as the following exhibits, including the Complaint (**Exhibit A**), Summons (**Exhibit B**), and Answer to the Complaint (**Exhibit C**).

**WHEREFORE**, Wells Fargo requests that the above action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

Dated: September 9, 2020 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Michael T. Campbell

THOMAS R. KAUFMAN
PAUL BERKOWITZ
MICHAEL T. CAMPBELL
Attorneys for Defendants
WELLS FARGO BANK, N.A. and
WELLS FARGO & COMPANY