JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-08252 PA (JCx) | Date | September 14, 2020 |
|---|---|---|---|
| Title | Raena Krestovnikov v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Wells Fargo Bank, N.A. ("Removing Defendant"). (Dkt. No. 1 ("Removal").) Removing Defendant contends that this Court possesses diversity jurisdiction over the claims filed by plaintiff Raena Krestovnikov ("Plaintiff") against Removing Defendant and its codefendant Wells Fargo & Company, based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

"Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Removing Defendant must prove that (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity jurisdiction, a national banking association is a citizen of the state where its main office is located. Rouse v. Wachovia Mortgage, FSB, 747 F.3d 707, 711 (9th Cir. 2014).

There is an exception to the complete diversity rule for fraudulently joined or "sham defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-08252 PA (JCx) | Date | September 14, 2020 |
|---|---|---|---|
| Title | Raena Krestovnikov v. Wells Fargo Bank, N.A., et al. | | |

the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendants.  See id. at 1008, 1012.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)).  Further, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." Id.

"[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nation v. Bayer Healthcare Pharmaceuticals, Inc., 13-cv-4689, 2013 WL 12144106, at *1 (C.D. Cal. Aug. 19, 2013).  "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Id. (quotations omitted).

Here, Removing Defendant does not make any allegations regarding defendant Wells Fargo & Company's citizenship.  Instead, Removing Defendant contends "Wells Fargo & Company is a sham defendant" because "Wells Fargo & Company is a bank holding company that never employed Plaintiff or any employees during the relevant time period." (Removal ¶ 8.)  Removing Defendant argues "Plaintiff has asserted no facts to suggest that Wells Fargo & Company employed her," and "it is readily apparent that Wells Fargo & Company is a sham defendant whose presence in this lawsuit as a defendant should be ignored." (Id.)

Removing Defendant's argument is unpersuasive.  "While the Complaint "may indeed be deficient as accused, . . . leave to amend those deficiencies would be appropriate," and "[r]emand must be granted unless the [Removing Defendant] shows that [Plaintiff] would not be afforded leave to amend [her] complaint to cure the purported deficiency." Nation, 2013 WL 12144106, at *2.  For example, Removing Defendant has not met their "burden of establishing that Plaintiff is incapable of amending [her] Complaint to state a valid claim against [Wells Fargo & Company] on a joint-employer theory." Jankins v. Wells Fargo Bank, N.A., 17-cv-00887, 2017 WL 1181562, at *6 (C.D. Cal. Mar. 29, 2017) (remanding and finding that "[a]s Plaintiff has presented some evidence that [Wells Fargo & Company] could be Plaintiff's joint employer, construing this evidence in Plaintiff's favor . . . Defendants have failed to carry their heavy burden of demonstrating the improper joinder by clear and convincing

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-08252 PA (JCx) | Date | September 14, 2020 |
|---|---|---|---|
| Title | Raena Krestovnikov v. Wells Fargo Bank, N.A., et al. | | |

evidence"); <u>Medina v. Wells Fargo & Company</u>, 19-cv-04234, 2019 WL 6221400, at *3-4 (N.D. Cal. Oct. 29, 2019) (same).

The Court finds that Removing Defendant has not met its "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on her claims against Wells Fargo & Company. Wells Fargo & Company is therefore not "fraudulently joined" and the Court cannot ignore its citizenship for purposes of the Court's exercise of diversity jurisdiction.

For the reasons stated above, Removing Defendant has failed to establish that complete diversity exists. <u>See</u> 28 U.S.C. § 1447(c). The Court does not have jurisdiction over this action. Accordingly, the Court remands this action to the Superior Court of the State of California for the County of Los Angeles, Case No. 20STCV30296, for lack of subject matter jurisdiction.

IT IS SO ORDERED.